UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE:
MARIA BLODIN ROMO,                 Bankruptcy Case No. 17-21440-dob

      Debtor-Appellant,           Case No. 18-11936
v.                                         Honorable Thomas L. Ludington

MEENA RAMANI and SUBHASH RAMANI,

      Appellees.
_____/

## ORDER DENYING MOTION TO AMEND/CORRECT RECORD

On June 19, 2018, Debtor-Appellant filed a notice of appeal from the United States Bankruptcy Court, appealing the Bankruptcy Court's final order and judgment determining 1) that Debtor's educational loan debt is not dischargeable, and 2) that the Bankruptcy Court lacks the jurisdiction to determine if the Debtor is entitled to participate in an income driven repayment plan. ECF No. 1. On July 23, 2018, Appellant moved to amend/correct the record, noting that she had inadvertently neglected to timely file the Designated Bankruptcy record, and asks for leave to do so now. ECF No. 6.[1]

Federal Rule of Bankruptcy Procedure 8009 (a)(1)(B) provides that "the appellant must file and serve the designation and statement within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered." Accordingly, the deadline to file and serve the designation and statement was July 3, 2018. On June 19, the Bankruptcy Court clerk entered a "Notice of Requirement to File a Designation" reminding Appellant of his July 3 deadline. Bkr. ECF No. 38 (17-02107-dob). On July 23, twenty days after the deadline, Appellant moved to submit the designated record. The

---

[1] Appellant previously filed the same motion which was denied for, among other things, failure to seek concurrence or serve the Appellee. ECF No. 5.

parties disagree as to whether the omission of the designated bankruptcy record warrants dismissal. Appellant cites FRBP 8009(e)(2)(C) which provides that

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
> (A) on stipulation of the parties;
> (B) by the district court before or after the record has been forwarded; or
> (C) by the court of appeals

The parties disagree as to whether this rule permits only the correction/supplementation of an already existing record, or whether it permits Appellee to file an untimely record in the first instance. Even assuming the latter is true, it is apparent that Appellant may only do so with leave of court, as Appellant has not stipulated to allow the untimely filing.

Thus, the more pertinent question is what standard the Court should apply in determining whether to permit an untimely filing. Because FRBP 8009 offers no answer to this question, Appellant's citation to this rule is not helpful. FRBP 9006(b)(1), on the other hand, provides a rule of general applicability to extensions of time: ". . .when an act is required or allowed to be done at or within a specified period by these rules . . ." the court may "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

Although neither party cites any Sixth Circuit authority, Appellee cites Second Circuit authority applying the excusable neglect standard of FRBP 9006(b)(1) to untimely filing of the Designation and Statement. Resp. at 8, ECF No. 9. In *In re Lynch*, the court stated that "[i]f a party fails to file a Designation and Statement on time, and an untimely filing is disallowed because no excusable neglect has been shown, the appeal has to end."

Here, Appellant has not shown excusable neglect where the only justification offered for the 20-day delay is that counsel experienced technical difficulties with the integration of his new

calendar system and that his assistant was on holiday for 5 days. According to the motion, the calendar integration occurred in March of 2018. Thus, it is unclear how that caused Appellant to miss a deadline 4 months later. Moreover, the motion reflects that counsel's assistant was on holiday from July 18 to July 23. However, the filing was already 15 days overdue at that point. Thus, even if a calendar system malfunction and an assistant's vacation could excuse a 20-day delay (which is a questionable proposition to begin with), it is apparent that neither of those excuses could have actually caused the delay in this case.

Accordingly, it is **ORDERED** that the motion to Amend/Correct, ECF No. 6, is **DENIED.**

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: September 26, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---